GARRISON, Judge,
dissenting.
I dissent.
The majority opinion cites the “manifest error” standard of Canter v. Koehring Co., 283 So.2d 716 (La., 1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978) in affirming that portion of the judgment dealing with the employment contract, but fails to give the rule of Canter due consideration in the rest of the opinion. In the section entitled “Potestative Condition,” the opinion discusses expert testimony, and testimony dealing with the intention of the parties. These are credibility determinations.
The opinion states at pages 155-156 “It is clear from its reasons for judgment, the trial court was aware of the parties’ intentions when they drafted the agreement.” While the trial judge was aware of what the testimony indicated as to intention, there is no reason to assume that he believed that testimony. His judgment on credibility controls, not ours, in the absence of manifest error. Just because we do not agree with his credibility call, it does not give us the power under Canter and Ar-ceneaux to overturn his credibility determination, absent manifest error.
In defense of the trial court judge, I note that minority-shareholder squeezeout attempts appear so routinely before this court that we cannot ignore the possibility that such a thought may have occurred to the trial judge as well. I find no manifest error.
*157 In conclusion, I would uphold the credibility determinations of the trial court judgment and affirm the judgment of the district court in its entirety.